IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN V. JONES, | : | Civil No. 3:24-cv-1937 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN JESSICA SAGE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Jonathan Jones ("Jones") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Jones alleges that the Federal Bureau of Prisons ("BOP") improperly denied his good conduct time credits and First Step Act ("FSA") credits. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Jones' failure to exhaust the available administrative remedies.

I.  **Background**

Jones is serving an 18-month term of imprisonment imposed by the United States District Court for the Middle District of Pennsylvania for his conviction of conspiracy to defraud the United States—receiving healthcare kickbacks. (Doc. 6-2, Declaration of BOP Attorney Joshua M. Bower, p. 1 ¶ 3; Doc. 6-3, Public Information Inmate Data). Jones entered BOP custody on July 19, 2024. (*Id.*). His current projected statutory release date is October 28, 2025, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Jones has not filed any administrative remedies. (Doc. 6-4, Administrative Remedy Generalized Retrieval).

In his § 2241 petition, Jones alleges that the BOP violated his rights by improperly calculating his good conduct time credits and FSA credits and denying his entitlement to those credits. (Doc. 1). Respondent filed a response, asserting that the Court should dismiss the petition because Jones did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 6). The record clearly establishes that Jones failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

II.   **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicia review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the

opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central

Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that Jones has not filed a single administrative remedy while in BOP custody. (Doc. 6-4). Rather than comply with the Administrative Remedy process, Jones bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Jones concedes his failure to exhaust but argues that exhaustion should be excused as futile because he believes his release date has passed and "[t]he Bureau of Prisons' exhaustion remedy is not designed to address" his claims. (Doc. 1, p. 8). In other words, Jones argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed. The Court, however, is unpersuaded by Jones' argument, as it does not provide a basis to excuse exhaustion. *See, e.g.*, *Greene v. Spaulding*, No. 22-cv-01726, 2023 WL 3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district

4

courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-00638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground.

The Court finds that Jones' claim must first be presented to BOP officials and fully exhausted. Because Jones did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III.  Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

                                                           Robert D. Mariani
                                                           United States District Judge

Dated: December 17, 2024